The final account of the testamentary executor of the succession of Joseph Green was opposed by Arthemise Green, a niece of decedent and by Loretta Gardner, wife of Ernest Blouin, Alice Gardner, wife of Aaron Grant and Jennie Gardner, wife of Charles Willie, who alleged themselves to be the children of an acknowledged natural child of decedent. Practically every item on the account, which shows total assets of $856.43 and total liabilities of the same amount, was opposed, but the only change ordered by the court a qua was in favor of Arthemise Green, who was held to be entitled to $46.40, the amount claimed by her.
Arthemise Green is, therefore, not a party to this appeal.
The main objections to the account, which are renewed in this court, center upon an item of $100, which the executor proposes to pay to Steve Gloethin, a male nurse, and an item of $100 in favor of Audrey Sharpe, as a female nurse, as well as $353.50, the face value of a promissory note in favor of Audrey Sharpe, dated February 4, 1939, and bearing five percent interest.
As to the first two items covering the nursing charges, opponents' counsel contends that the services were not rendered or, if rendered, were unnecessary and as to the note held by Audrey Sharpe, it is said that there has been no showing that she ever had any money at all at the time this loan is said to have been made.
Joseph Green, when old, sick and friendless, was admitted to the home of Audrey Sharpe, where he died in May, 1940, some four months later. Audrey Sharpe claims to have been inspired by philanthropic motives, but opponents picture her as a designing and unscrupulous woman, who was determined to get everything the old man had, which consisted of one small piece of real estate. Two wills were made by Green in which the Sharpe woman was named as beneficiary. This fact is pointed to as indicating her evil influence over the old man. In one of these wills, not the one which was probated, but a previous one dated the 17th of January, 1940, Green declared: "I hereby disinherit all of my heirs, and it is my wish that at my death all I possess be transferred to Mrs. Audrey Fay Dupree Sharpe personally, for she has done for me, taken me in her home *Page 112 
when I was sick and attended me when relatives failed to even call to ask how I was feeling. For this reason to Mrs. Audrey Fay Dupree Sharpe I leave everything."
In the second will Green gives all of his property to the Sharpe woman and his niece Arthemise Green as joint legatees.
As we have said, Green's succession was barely solvent and there was nothing to be distributed to his testamentary heirs. We mention his wills because they are alluded to by counsel for the purpose of supporting the argument to the effect that the Sharpe woman was an avaricious designing female who worked her will with Green. In our opinion it might as well be said that the wills indicate the gratitude of the decedent. The charge for nursing covering a period of four months does not appear to us as excessive. As to the note held by the Sharpe woman, which is admittedly Green's note, there is nothing but suspicion, accusation and innuendo to sustain the opposition. This does not constitute proof of fraud which the charge of opponents' counsel amounts to.
Counsel for the executor, in his brief, asserts that there is no proof in the record of the legitimacy of the opponents. This point does not appear to have been raised by the pleadings and is of no importance anyway since we find the opposition to be without merit.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.